25CA1985 Peo in Interest of SRW 03-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1985
Pueblo County District Court No. 25MH30093
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of S.R.W.,

Respondent-Appellant.

---

ORDER AFFIRMED

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 19, 2026

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

¶ 1　　S.R.W. appeals the district court's order authorizing staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to medicate him without his consent.  We affirm.

## I.　　Background

¶ 2　　S.R.W. was admitted to the hospital in September 2025 after being found incompetent to proceed in two criminal cases.  His symptoms included delusions and paranoia — as well as believing that numerous unrelated people were conspiring against him — and behaving in impulsive, agitated, and threatening ways.  His psychiatrist at the hospital, Dr. Hareesh Pillai, diagnosed him with psychosis (not otherwise specified).  After an incident in which S.R.W. postured toward staff members with closed fists, threatened to kill them, spit at them after he was restrained, and bit one of them, he was given emergency medications.

¶ 3　　The State petitioned the district court for authorization to medicate S.R.W. involuntarily with two antipsychotic medications — Zyprexa (olanzapine) and Thorazine (chlorpromazine) — and the mood-stabilizing medication Depakote (valproic acid).

¶ 4　　At the hearing on the petition, Dr. Pillai and S.R.W. testified.  Dr. Pillai, whom the parties stipulated is an expert in clinical

psychiatry, testified that S.R.W.'s psychosis constitutes a substantial disorder that grossly impairs his judgment or capacity to recognize reality or to control his behavior. Dr. Pillai testified that S.R.W. needs psychiatric medications and has already shown improvement on the requested medications; however, the doctor reported that S.R.W. doesn't believe he has a psychiatric illness or needs medication. Dr. Pillai opined that without the requested medications, S.R.W. will experience a significant and likely long-term deterioration of his mental condition and will pose a risk of serious harm to others in the hospital. Finally, the doctor testified that S.R.W. has reported experiencing multiple side effects from the medications and that using them is against his religion.

¶ 5     S.R.W. testified that he does not have a mental illness, is not a danger to others, and will not take medications voluntarily. He testified that his religion — the Ausar Auset Society — forbids him from taking medication, while clarifying on cross-examination that it forbids mind-altering medication. He also testified about various side effects he has experienced from the medications, including drowsiness, dizziness, fatigue, drooling, urinary incontinence, testicular pain, difficulty sleeping, and inability to focus.

¶ 6     Following the testimony, the district court found that Dr. Pillai's testimony was credible and persuasive, and it adopted his opinions.  The court then examined each of the four elements of the test from *People v. Medina,* 705 P.2d 961, 973 (Colo. 1985), concluded that the State had met its burden of proving all four elements, and granted the petition.

## II.     Applicable Law and Standard of Review

¶ 7     The parties agree that the *Medina* test applies here.  Under that test, a district court may authorize the involuntary administration of medication if the State demonstrates by clear and convincing evidence that

> (1) the patient is incompetent to effectively participate in the treatment decision;
>
> (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the patient's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others in the institution;
>
> (3) a less intrusive treatment alternative is not available; and

(4) the patient's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the patient in refusing treatment.[1]

*Id.*

¶ 8 Application of the *Medina* test involves mixed questions of fact and law. *People v. Marquardt*, 2016 CO 4, ¶ 8. We defer to the district court's factual findings if they have record support, while we review the court's legal conclusions de novo. *Id.* Resolving conflicts in testimony and determining the credibility of the witnesses are matters solely within the province of the district court. *People in Interest of Ramsey*, 2023 COA 95, ¶ 23.

## III. Analysis

¶ 9 S.R.W. expressly does not contest the district court's rulings that the State met its burden of proving the second and third *Medina* elements.

---

[1] A different test applies to petitions to administer medication involuntarily for the purpose of restoring a defendant's competency in a criminal case. *See People in Interest of R.F.,* 2019 COA 110, ¶¶ 10-15 & n.1 (discussing the test from *Sell v. United States*, 539 U.S. 166, 180 (2003)).

¶ 10    As to the first *Medina* element, S.R.W. initially argues in his opening brief that "the People failed to establish the first and fourth [*Medina*] elements by clear and convincing evidence." However, in specifically addressing the first *Medina* element, S.R.W. says only that "[t]his element is uncontested." Because S.R.W. does not present any specific argument challenging the district court's ruling on the first *Medina* element, we will not address it. *See* C.A.R. 28(a)(7)(B); *People in Interest of C.N.*, 2018 COA 165, ¶ 44.

¶ 11    We now turn to the fourth *Medina* element, the only element that S.R.W. specifically challenges on appeal. He contends that the evidence was insufficient to show that his need for the medications is sufficiently compelling to override his bona fide and legitimate interests in not taking them.

¶ 12    In analyzing the fourth *Medina* element, a court first determines "whether the patient's refusal is bona fide and legitimate." *Medina*, 705 P.2d at 974. If it is, the court then determines "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of

the patient placed in its charge and in protecting the safety of those in the institution." *Id.*

¶ 13     In a sufficiency challenge, we must determine whether the evidence, viewed as a whole and in the light most favorable to the State, is sufficient to support the district court's order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13.  The testimony of the physician seeking to administer treatment may be sufficient, without more, to satisfy the *Medina* test.  *R.K.L.*, ¶ 30.

¶ 14     In terms of S.R.W.'s interests in not taking the medications, the district court found that S.R.W.'s religious belief was a bona fide and legitimate reason for not taking mind-altering medications.  In terms of S.R.W.'s reported side effects, much of the court's discussion during its oral ruling focused on reasons to question S.R.W.'s credibility regarding the alleged side effects; for example, during his lengthy testimony, he was not drooling, did not look fatigued, and expressed himself in a way that reflected an ability to focus.  However, the court nevertheless assumed that avoiding side effects was also a bona fide and legitimate reason for S.R.W.'s refusal to take the medications voluntarily.

¶ 15    We, too, will assume that S.R.W.'s religion and his desire to avoid side effects are bona fide and legitimate reasons for refusing the medications.  That brings us to the second question of whether S.R.W.'s need for treatment is sufficiently compelling to override those interests.  In his opening brief, S.R.W. does not specifically discuss his need for treatment, instead only cursorily arguing that his need for treatment does not override his interests in not taking the medications.  And while he argues in his reply brief that he is not a threat to others, he does not address the district court's finding that the requested medications are necessary to prevent a significant and likely long-term deterioration in his mental health condition.  In fact, as mentioned, he does not challenge the district court's finding on the second *Medina* element and thus appears to concede that the requested medications *are* necessary to prevent a significant and likely long-term deterioration in his mental health condition.

¶ 16    We discern no error in the district court's finding that the State sufficiently proved that S.R.W.'s compelling need for treatment overrides his interests in refusing the medications.  Dr. Pillai's testimony, which the court credited, amply supported the

district court's findings about the severity of S.R.W.'s mental health condition. *See Marquardt*, ¶ 8; *Ramsey*, ¶ 23. The court also credited Dr. Pillai's testimony that the requested medications are necessary to prevent a significant and likely long-term deterioration in his mental health condition and to prevent the likelihood of him causing serious harm to others in the institution. Given the severity of S.R.W.'s mental health condition and the necessity of treating that condition with the requested medications, we discern no error in the district court's finding on the fourth *Medina* element.

## IV.   Disposition

¶ 17     The order is affirmed.

JUDGE KUHN and JUDGE SULLIVAN concur.